IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03005-CMA-MJW

KATIE V. LEE,

Plaintiff,

v.

ERIK K. SHINSEKI, Secretary, Department of Veterans Affairs,

Defendant.

### RECOMMENDATION ON
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### (Docket No. 55)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 13) issued by Judge Christine M. Arguello on January 8, 2013. Now before the court for a report and recommendation is Defendant's Motion for Summary Judgment (Docket No. 55). The court has carefully considered the subject motion (Docket No. 55), *pro se* plaintiff Katie V. Lee's response (Docket No. 61), and defendant's reply (Docket No. 62). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

### I. Summary of the Case

Plaintiff filed her Title VII Complaint (Docket No. 1) on November 15, 2012. An Amended Complaint (Docket No. 5) was filed shortly thereafter on December 14, 2012.

Plaintiff asserts defendant violated Title VII of the Civil Rights Act ("Title VII") by failing to refer her employment application to the hiring committee and failing to hire her. Plaintiff asserts she was discriminated against because of her age, race/color, and gender. Plaintiff further asserts that her denial was retaliation for her prior equal employment opportunity ("EEO") activity.

The following facts, material to the subject motion, are undisputed unless otherwise noted. On May 5, 2009, plaintiff applied for the position of Readjustment Counseling Therapist ("RTC") with the Department of Veterans Affairs ("defendant" or "VA"). Docket No. 55-7. Plaintiff is a "black African-American" female, and was 60-years old at the time of her application. Docket No. 55-15 at 6:4-14. Plaintiff had previously filed a formal complaint of discrimination in 2007 based on the denial of her application for a Training Instructor position at the VA. Id. at 2-3.

As to the RTC position, the job announcement stated that in order to be considered, applicants "must have specialized experience and/or directly related education" constituting at least one year of GS-9 level or equivalent position that equipped the applicant with the knowledge, skills, and abilities ("KSAs") commensurate with the position. Docket No. 55-11 at 4. The job announcement also provided that the specialized experience qualification could alternatively be met by "[t]hree (3) years of progressively higher level graduate education leading to a Ph.D. degree of Ph.D. or equivalent doctoral degree." Id.

The requirements described above were the time-in-grade ("TIG") requirements for the RTC position. Id.; Docket No. 55-3 at 10:13-15; Docket No. 55-6 ¶ 8. The original job announcement stated that the TIG requirements would remain in place until

May 17, 2009. Docket No. 55-11 at 5. On May 11, 2009, the Office of Personnel Management ("OPM") amended the job announcement to reflect that the TIG requirements would remain in effect until August 15, 2009. Docket No. 55-12. On August 11, 2009, OPM published notice in the Federal Register stating that it was withdrawing its rule that would have eliminated the TIG requirements. Docket No. 55-2 at 40057-59.

In a letter dated June 22, 2009, the VA informed plaintiff that she was not being considered further for the RCT position because she did not meet the TIG requirements. Docket No. 55-6 ¶ 8; Docket No. 55-8. The person ultimately selected for the position, James Moorer, had been in a GS-11 position for at least one year prior to his application. Docket No. 55-10 at 2. Moorer is perceived to be a black, African-American male. Docket No. 55-3 at 19:10-21. Tamika Thomas, the individual who reviewed plaintiff's application and determined plaintiff did not meet the TIG requirements, had no knowledge of plaintiff's prior EEO activity at the time she reviewed the application. Docket No. 55-6 ¶¶ 3, 6-9; Docket No. 55-3 at 17:2-23. Doenne Pitts, Assistant Human Resources Officer at the VA, did not review plaintiff's application and was not aware of plaintiff's prior EEO activity at the time plaintiff applied for the position. Docket No. 55-4 at 3:21-24, 19:7-15, 26:9-24. Neil Falkner, Chief of Human Resources at the VA, did not review plaintiff's application and was not aware of plaintiff's prior EEO activity at the time plaintiff applied for the position. Docket No. 55-5 at 3:19-24, 6:8-12, 8:1-14, 8:20-24, 9:4-9, 5:7-9.

**II. Standard of Review**

Rule 56(a) provides that summary judgment shall be granted "if the movant

4

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no

5

reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Plaintiff is proceeding *pro se*. The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

6

of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's *pro se* status does not entitle her to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

### III. Analysis

Among the arguments defendant makes in its Motion for Summary Judgment (Docket No. 55) is that plaintiff cannot show a *prima facie* case of discrimination or retaliation.

Title VII prohibits an employer from engaging in certain activities. Among these activities, Title VII forbids an employer from "fail[ing] or refus[ing] to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2(a)(1) (discrimination). It also forbids an employer from retaliating against an individual because the individual "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000(e)-3(a) (retaliation). A plaintiff may prove discrimination and retaliation through either direct or circumstantial evidence. See Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). Direct evidence demonstrates on its face that employment termination was either discriminatory or retaliatory. Id. at 1145. In contrast, circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination or retaliation that discrimination or retaliation has, in fact, occurred.

Anderson v. Acad. Sch. Dist. 20, 122 F. App'x 912, 916 (10th Cir. 2004).

Because plaintiff does not provide direct evidence of discrimination or retaliation, and because the court's review of the record reveals none, plaintiff's Title VII claims are subject to the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination or retaliation. Id.

**A. Discrimination**

To make a *prima facie* case of discrimination under Title VII, a plaintiff must establish that "(1) the plaintiff belongs to some protected class, (2) the plaintiff was qualified for the position or benefit at issue, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than others . . . ." Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1201 (10th Cir. 2006) (quoting Exum v. U.S. Olympic Comm., 389 F.3d 1130, 1134 (10th Cir. 2004)).

Defendant argues plaintiff cannot prove the second element of her *prima facie* case of discrimination. Specifically, defendant argues that it is undisputed that plaintiff did not meet the TIG requirements for the RTC position, and thus plaintiff was not qualified for the position.

Traditionally, the Tenth Circuit has "distinguished between employment decisions based on objective criteria, which are generally immune to employer manipulation, and those based on subjective criteria, 'which are particularly easy for an employer to invent in an effort to sabotage a plaintiff's prima facie case and mask discrimination.'" Cortez v. Wal-Mart Stores, Inc., 460 F.3d 1268, 1273-74 (10th Cir. 2006) (quoting Ellis v. United Airlines, Inc., 73 F.3d 999, 1006 n.8 (10th Cir. 1996)). Accordingly, a plaintiff who

cannot meet an objective hiring criteria cannot establish a *prima facie* case of discrimination, while failure to meet a subjective hiring criteria has no such consequence. See, e.g., York v. AT&T, 95 F.3d 948, 954 (10th Cir. 1996) (objective criteria); EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1193 (10th Cir. 2000) (subjective criteria).

The question before the court, therefore, is whether the TIG requirements are objective criteria, and if so, whether there is a genuine dispute as to a material fact regarding plaintiff's failure to meet those requirements.

First, the court finds that the TIG requirements are objective criteria. TIG required applicants to have served at least one year as a GS-9, or to have obtained a Ph.D or equivalent doctoral degree. Docket No. 55-11 at 4. These requirements are plainly objective. They are immune from employer manipulation insofar as VA employees could not utilize the requirements in such a way to discriminate against a protected class.

Second, the court finds that there is no genuine dispute as to a material fact regarding the applicability of the TIG requirements and plaintiff's failure to meet GS-9/Ph.D requirement. TIG requirements were never eliminated by OPM. Docket No. 55-2 at 40057-59. Accordingly, they applied to plaintiff's application. In addition, plaintiff has never held a GS-9 position and she did not have a Ph.D or a Ph.D equivalent. Docket No. 55-7 at 10; Docket No. 55-1 at 33:2-38:8. Plaintiff provides no evidence to the contrary.

Based on the above analysis, the court finds that there is no genuine dispute that plaintiff was not qualified for the RTC position. As such, plaintiff has failed to make a

9

*prima facie* of discrimination under Title VII, and summary judgment should be granted in favor of defendant.

**B. Retaliation**

To make a *prima facie* case of retaliation under Title VII, a plaintiff must establish "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006) (footnote omitted).

Defendant argues plaintiff cannot prove the third element of her *prima facie* case of retaliation. Specifically, defendant argues that it is undisputed that the individuals who took the adverse action against her did not know of plaintiff's past EEO activity, and thus there is no casual connection.

To prevail on the third element, causation, a plaintiff must demonstrate that "the individual who took adverse action against [her] knew of the employee's protected activity." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1176 (10th Cir. 2007) (citing Williams v. Rice, 983 F.2d 177, 181 (10th Cir. 1993)); Zokari v. Gates, 561 F.3d 1076, 1081 (10th Cir. 2009) (same). The individual responsible for acting against the plaintiff must know that the plaintiff has both engaged in protected activity and understood that the activity was conducted on the basis of a protected category under Title VII. Id. at 1081.

Three employees were named by plaintiff as having been responsible for the denial of her application: Neil Falkner, Deonne Pitts, and Tamika Thomas. Defendant

has provided evidence showing Falkner and Pitts were not actually involved in the review of plaintiff's application. Docket No. 55-4 at 19:7-15; Docket No. 55-5 at 6:8-12, 8:1-14, 8:20-24, 9:4-9. Plaintiff has provided no evidence to the contrary. As to Thomas, defendant has provided evidence that Thomas was unaware of plaintiff's prior EEO activity at the time she reviewed plaintiff's application. Docket No. 55-3 at 5:13-18; Docket No. 55-6 ¶ 9. Plaintiff has provided no evidence to the contrary.

Accordingly, the court finds that there is no genuine dispute as to material fact that the individual (Thomas) who took adverse action against plaintiff did not know of plaintiff's prior EEO activity. As such, plaintiff has failed to make a *prima facie* of retaliation under Title VII, and summary judgment should be granted in favor of defendant.

## IV. Recommendation

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 55) be **GRANTED** and summary judgment enter in favor of defendant and against plaintiff.


**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

11

**not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 7, 2014    s/ Michael J. Watanabe
       Denver, Colorado    Michael J. Watanabe
                           United States Magistrate Judge